**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRISTALES BRIZUELA, Juan Carlos,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  26-5086** |
| | : | |
| **JAMISON, J.L,** *et al.* | : | |

## <u>ORDER</u>

**AND NOW**, this 24th day of July, 2026, upon consideration of Juan Carlos Cristales

Brizuela's petition for writ of *habeas corpus* under 28 U.S.C. § 2241 (DI 1), and the

government's response in opposition thereto (DI 2), it is **ORDERED** that Cristales Brizuela's

petition is **GRANTED** for the reasons that follow:

1.      Mr. Cristales Brizuela a native of El Salvador, entered the United States in 2020.

DI 1 at ¶ 1, 18.  He did not encounter officials at the border, and subsequently settled in

Philadelphia, working a job in construction to support his family.  *Id.* at ¶¶ 18-20.

2.      The Department of Homeland Security (DHS) took Mr. Cristales Brizuela into

custody on July 21, 2026 when he was getting into his brother's car to go to work.  *Id.* at ¶ 21.

Mr. Cristales Brizuela has no criminal history.  DI 2 at 2.

3.      The government maintains that Mr. Cristales Brizuela is subject to mandatory

detention under 8 U.S.C. § 1225(b), such that he is ineligible for a bond hearing before the

Immigration Court.  *Id.* at 2.

4.      Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension

and detention of aliens," applies to noncitizens already in the United States and gives the

Attorney General discretion to detain or release them on bond pending a decision on their

removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the

noncitizen may request a bond hearing before an immigration judge and may be released if he

can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

5.      By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2).  Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

6.      On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1]  Under the BIA's *Hurtado* decision, BIA concluded that resident noncitizens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render noncitizens present in the United States ineligible to be released on bond. The government contends that Mr. Cristales Brizuela is therefore properly detained under § 1225(b)(2)(A).  DI  at 1-3.  We disagree.

7.      As the government acknowledges, most district courts confronted with this issue have "rejected" the government's position, including more than 200 decisions from judges in this

---

[1] While the government breaks its detentions down into four categories — which it argues have "certain legal and factual distinctions" but provides no explanation of what those distinctions are — it acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in over 250 decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)."  DI 4 at 2.

district to date.  *Id.* at 2.  The government concedes that the Second, Sixth, Tenth, and Eleventh Circuits have rejected its position.[2]  *Id.* (citing *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026)*; Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 2026 WL 1876709 (10th Cir. June 30, 2026)).  However, the government observes that the Fifth and Eighth Circuit Courts of Appeals have considered this question and "agreed with the government."  *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026)).  And it asserts that two recent Supreme Court rulings support its position.  *Id.* (citing *Blanche v. Lau*, 609 U.S. ___, 2026 WL 1791339 (U.S. June 23, 2026); *Mullin v. Al Otro Lado*, 609 U.S.___, 2026 WL 1825741 (U.S. June 25, 2026)).  10.

    8.    As we have done in several cases before us,[3] we adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein and find this reasoning prevails over the reasoning relied upon in the non-binding *Buenrostro-Mendez* and *Avila* opinions.[4]  *See, e.g.*,

---

[2] In the latest rendition of its opposition to these type of petitions, the government takes a truncated approach by incorporating its arguments from filings in "hundreds of prior cases" within this district.  DI 2 at 1.

[3] *See, e.g.*, *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026); *Singh v. Rose et al.*, No. 26-cv-593 (Feb. 9, 2026); *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026); *Chavez v. Jamison et al.*, No. 26-1569 (Mar. 16, 2026); *Pineda v. Rife et al.*, No. 26-cv-2088 (Apr. 2, 2026); *Uulu v. Jamison et al.*, No. 26-cv-1971 (Apr. 6, 2026); *Hussain v. Jamison et al.*, No. 26-cv-3159 (May 15, 2026); *Meza v. Jamison et al.*, No. 26-cv-3659 (June 1, 2026); *Rodriguez Oviedo v. Jamison et al.*, No. 26-cv-4009 (June 15, 2026); *Guerrero Marin v. Jamison et al.*, No. 26-cv-4479 (July 1, 2026).

[4] We do not cite to the over 200 cases decided against the government on this issue because the government acknowledges the weight of authority against it.  Rather, we cite a sample of those decisions by way of example.

*Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al.*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*,

2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).  Our conclusion is also supported by the recent opinions rendered by the Second, Sixth, Tenth, and Eleventh Circuits in *Cunha*, *Lopez-Campos*, *Santillan Quiroz*, and *Alvarez*.  And we do not believe that our conclusion is undermined by the recent Supreme Court decisions in *Lau* and *Al Otro Lado*, neither of which directly address the question presented regarding the applicability of § 1225 to individuals such as Mr. Cristales Brizuela who are already in the United States.

9.      Accordingly, if Mr. Cristales Brizuela is subject to detention at all, it is under 8 U.S.C. § 1226(a).  The government shall **RELEASE** Mr. Cristales Brizuela from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Monday, **July 27, 2026**;

10.      The government is temporarily enjoined from re-detaining Mr. Cristales Brizuela for seven days following his release from custody;

11.      If the government chooses to pursue re-detention of Mr. Cristales Brizuela after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

12.      Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Cristales Brizuela from the Eastern District of Pennsylvania before the ordered bond hearing.  If an immigration judge determines that Mr. Cristales Brizuela is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Cristales Brizuela if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must

include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Cristales Brizuela.

MURPHY, J.